UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ISAIAH ROBINSON,

        Plaintiff,

                                     Case No. 1:22-cv-1190

v.

                                     Honorable Paul L. Maloney

DANIEL EVANS et al.,

        Defendants.

_____/

## **ORDER**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. By order and judgment entered January 24, 2023, the Court dismissed the complaint without prejudice for lack of prosecution and failure to comply with the Court's order. (ECF Nos. 4 and 5.) However, that same day, the Court received a "notice" filed by Plaintiff in response to the Court's December 12, 2022, order of deficiency, dated January 19, 2023. (ECF No. 6.) The Court construes Plaintiff's notice as a motion for reconsideration.

**I.   Background**

On December 14, 2022, the Court entered an order of deficiency in this matter after Plaintiff filed his complaint without paying the civil action filing fee or applying in the manner required by law to proceed *in forma pauperis*. (ECF No. 3) The Court instructed Plaintiff that, if he wished to proceed *in forma pauperis*, Plaintiff was required to file a certified copy of his prisoner trust account statement and an affidavit of indigence pursuant to 28 U.S.C. § 1915(a)(2). (ECF No. 3, PageID.32 (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).) The Court went on to explain that the affidavit must include all statements required by 28 U.S.C.

§§ 1915(a)(1) & (2), and that the trust account statement must be a certified copy and must be for the 6 months immediately preceding the filing of plaintiff's complaint. (*Id.*, PageID.32–33.) The Court allowed 28 days for Plaintiff to comply, warning Plaintiff that, if he failed to comply, the Court would presume that he was not proceeding *in forma pauperis*, assess the filing fee and the miscellaneous administrative fee, and dismiss his case for want of prosecution. (*Id.*, PageID.33.)

As of the morning of January 24, 2023, well after the 28-day deadline, the Court had not received from Plaintiff the $402.00 civil action filing fees or both the affidavit and the trust account statement to apply to proceed *in forma pauperis*. (ECF No. 4, PageID.34.) The Court therefore entered an order and judgment dismissing the case without prejudice for lack of prosecution. (ECF Nos. 4 and 5.)

However, following the entry of judgment, the Court received a filing from Plaintiff dated January 19, 2023, asking that the Court "take notice" that Plaintiff was transferred to a new facility on December 13, 2022, making it difficult for Plaintiff to timely correct the deficiencies set forth in the Court's December 14, 2022, order. (ECF No. 6, PageID.37.) With his notice, Plaintiff submitted a document titled, "Application to Proceed in District Court Without Prepaying Fees or Costs." (ECF No. 6-1.) However, Plaintiff's application does not clearly itemize all assets possessed by Plaintiff, it does not include a statement that plaintiff is unable to pay the fee or give security therefor, and it does not include a statement of the nature of the action filed by Plaintiff; instead, the document appears to consist of a purported trust agreement. (*See id.*) Plaintiff also included a "security agreement" between Plaintiff as an "abstract corporate personal[i]ty" and himself as a "biological flesh-and-blood man." (ECF No. 6-2, PageID.51), a prisoner receipt from the Michigan Department of Corrections indicating that, as of August 25, 2020, Plaintiff possessed a birth certificate, cash, and checks (*id.*, PageID.61), and a handwritten document entitled "notice

of felony kidnapping," which appears to relate to Plaintiff's incarceration, generally (ECF No. 6-3). Plaintiff did not include with his notice a certified trust account statement for the six (6) months immediately preceding the filing of plaintiff's complaint or a properly completed affidavit of indigence.

II.     **Standard**

As an initial matter, under Sixth Circuit precedent, a motion is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Plaintiff dated his motion on January 19, 2023, and it was received by the Court on January 24, 2023. Thus, Plaintiff must have handed the motion to prison officials for mailing at some time between those dates. For purposes of this order, the Court has given Plaintiff the benefit of the earliest possible filing date—January 19, 2023. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials). Therefore, the Court construes Plaintiff's notice as a motion for reconsideration of the Court's December 12, 2022, order of deficiency, having been filed prior to the Court's entry of judgment.

Motions for reconsideration are governed by Local Rule 7.4, which provides that a motion for reconsideration may be granted when the moving party demonstrates a "palpable defect" by which the Court and parties have been misled and a showing that a different disposition of the case must result from the correction of the mistake. W.D. Mich. LCivR 7.4(a).

III.    **Analysis**

Although Plaintiff claims that his transfer to a new facility, and then subsequent law library cancellations at his new facility, made it difficult for him to correct the deficiencies set forth in the Court's December 12, 2022, order in a timely manner, Plaintiff was able to submit the above-

3

discussed documents, which include lengthy purported trust and security agreements, as well as a "notice of felony kidnapping" by the Michigan Department of Corrections. None of the documents submitted by Plaintiff comply with the instructions in the Court's December 12, 2022, order. And although Plaintiff may have wished to access the law library—but apparently some sessions were cancelled at his facility—Plaintiff fails to explain, and the Court fails to discern, why his inability to access the law library prevented him from requesting his prison trust account statement from the trust account officer or providing an affidavit of indigence setting forth any assets he may have.

In sum, Plaintiff makes no serious effort to identify any error in the Court's reasoning or to correct the deficiencies set forth in the Court's December 12, 2022, order. Despite the Court's clear instruction, Plaintiff failed to provide an affidavit with the information needed to comply with 28 U.S.C. §§ 1915(a)(1) & (2) and failed to provide a certified trust account statement. Instead, Plaintiff presents largely unintelligible statements as to the philosophical nature of his personhood, as set forth in the purported trust and security agreements, and claims that the Michigan Department of Corrections has no legal authority to hold Plaintiff in custody. Because Plaintiff fails to demonstrate any basis for relief, Plaintiff's motion for reconsideration will be denied. Plaintiff shall remain liable for the $402.00 civil action filing fees. Accordingly,

**IT IS ORDERED** that Plaintiff's notice (ECF No. 6), construed as a motion for reconsideration under Local Rule 7.4, is **DENIED**.

**IT IS SO ORDERED**.

Dated:   February 17, 2023              /s/ Paul L. Maloney
                                        Paul L. Maloney
                                        United States District Judge

**SEND REMITTANCES TO**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**